(86 Misc. Rep. 91)

### In re GARVEY.

(Supreme Court, Special Term, Kings County. June, 1914.)

MUNICIPAL CORPORATIONS (§ 192*)—INSPECTOR—REMOVAL WITHOUT HEARING—VALIDITY.

    The chief inspector in charge of the Brooklyn division of the old building or inspection bureau of the tenement house department is not within Greater New York Charter (Laws 1901, c. 466) § 1543, providing that the "head of the bureau" shall not be removed without an opportunity of "making an explanation"; and hence his summary removal without a hearing is legal.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 530–532; Dec. Dig. § 192.*]

Motion by Frank H. Garvey for a peremptory writ of mandamus directed to William H. Abbott, Jr., Acting Commissioner of the Tenement House Department of the City of New York. Motion denied.

William F. Hagarty, of Brooklyn, for relator.

Frank L. Polk, Corp. Counsel, and Elliot S. Benedict, Asst. Corp. Counsel, both of New York City, for respondent Tenement House Department.

ASPINALL, J. This is a motion asking for the issuance of a peremptory writ of mandamus, directed to the acting commissioner of the tenement house department of the city of New York, commanding him

to reinstate the relator herein forthwith to the position formerly occupied by him as chief inspector of the old building or inspection bureau of the said department, in the office in the borough of Brooklyn. The statutory provisions having relation to this matter are sections 1328, 1329, and 1543 of the amended Greater New York charter. Section 1328 provides that there shall be an inspection bureau in the said tenement house department, and that a separate division thereof may be established in the borough of Brooklyn, and also, in the discretion of the commissioner, said division to have jurisdiction over tenement houses in the boroughs of Queens and Richmond, and that the commissioner may designate the deputy commissioner or some other officer of the department as the executive head of such division, who shall perform such duties and possess such powers as may be delegated to him by the commissioner. Such inspection bureau was established, extending over the entire city, with a subdivision thereof located in the borough of Brooklyn, and the relator was appointed chief inspector of the old building bureau in the Brooklyn office of the tenement house department, on the 8th day of September, 1907, by Edmond J. Butler, the then commissioner, said appointment to take effect on the 10th day of September, 1907. Section 1329 provides that:

"The tenement house commissioner within the limits of his appropriation, shall have power to appoint and remove, subject to the requirements of the civil service laws, such subordinate officers, assistants and employés as may be necessary for the efficient performance of his duties as said commissioner. * * * The commissioner shall appoint a chief inspector and deputy chief inspector over such bureau."

The municipal civil service commission was subsequently notified of such appointment. The classification of positions in the municipal civil service has provided for such a position as that occupied by the relator. It also provides that in the tenement house department there shall be three chief inspectors in the exempt class. There is only one inspection or old building bureau, which covers the entire department and all the boroughs of the city. There are three subdivisions thereof: One located in Manhattan, one in Brooklyn, with jurisdiction over Brooklyn, Queens, and Richmond boroughs, and one subdivision in the borough of the Bronx. A chief inspector has been appointed for each one of these subdivisions, who perform such duties and possess such powers as may be delegated to them by the commissioner, and their authority, respectively, does not extend beyond the subdivision to which they have been assigned, although they may, from time to time, be transferred from one subdivision to another. Section 1543 of the charter provides:

"No * * * head of a bureau * * * shall be removed until he has been allowed an opportunity of making an explanation. * * *"

The relator contends that by reason of the position that he held as chief inspector, as aforesaid, he comes within the designation "head of a bureau," and that consequently he cannot be summarily removed without being given an opportunity of "making an explanation" of charges that might be made against him in his capacity as chief inspector of the Brooklyn subdivision, as aforesaid. I am of opinion

that the relator herein was simply in charge of a subdivision of the inspection or old building bureau, located in Brooklyn, having jurisdiction over tenement houses in the boroughs of Brooklyn, Queens, and Richmond. As has been said heretofore, subdivisions of this bureau have also been established in the boroughs of Manhattan and the Bronx. The said bureau is not a local institution existing in Brooklyn alone, but extends over the entire city, with subdivisions in the several boroughs, and it seems to me that the only responsible head thereof is the tenement house commissioner himself, and that the chief inspectors were merely in charge of their respective subdivisions, performing such duties and in possession of such powers as the commissioner might see fit to delegate to them. I cannot conceive that this is a bureau with three heads, and that each subdivision is to be regarded as an independent bureau. It is, in my opinion, reasonably clear that there is but one bureau, and therefore but one head, the commissioner of the department, and that the relator was merely an assistant in charge of the subdivision in Brooklyn, and responsible to the said head of the department, and that he was not, therefore, the head of the bureau. I am satisfied that the relator, in his capacity as chief inspector in charge of the Brooklyn subdivision, does not come within the provisions of section 1543 of the charter of the city of New York, directing that the "head of a bureau" shall not be removed until he has been given an opportunity of "making an explanation," but that he may be, as he was, removed summarily without a hearing. I am convinced that this relator was not the "head of a bureau," as he contends, and that his summary removal was entirely legal and in conformity with the provisions of the charter hereinbefore referred to. I have given this matter considerable thought, and, after an examination of the authorities, it is my opinion that the relator does not bring himself within the saving provisions of section 1543, and that his summary removal was in conformity with the provisions of law as made and provided.

Motion denied.